UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

GENE R. BURAS, et al

CIVIL ACTION

VERSUS

NO: 06-4655-LMA-SS

CLAYTON WILLIAMS ENERGY, INC.,
et al

### ORDER

HUNT PETROLEUM'S MOTION FOR A MORE DEFINITE STATEMENT (Rec. doc. 8)

**DENIED**

Before the undersigned is the motion of a co-defendant, Hunt Petroleum (AEC), Inc. ("Hunt Petroleum"), for a more definite statement. The plaintiffs filed this action against Hunt Petroleum and two other defendants. The plaintiffs allege they were residents and/or property owners in or near Buras, Louisiana, in Plaquemines Parish, whose property was contaminated with petroleum hydrocarbons negligently released by the defendants during Hurricane Katrina. Rec. doc. 1. The other two defendants answered the complaint. Rec. docs. 3 and 4. Hunt Petroleum also filed a motion to dismiss, which is set before the District Judge. Rec. doc. 9.

A motion for a more definite statement is not favored and the motion is granted sparingly. 2 James Wm. Moore, et al., Moore's Federal Practice ¶ 12.36[1] (3d ed. 1997). "In the presence of proper, although general, allegations, the motion will usually be denied on the grounds that discovery is the more appropriate vehicle or obtaining the detailed information." Id. A claim for relief is only required to contain "a short and plain statement of the claim showing that the pleader

is entitled to relief. . . ." Fed. R. Civ. P. 8(a).  In <u>Walker v. South Central Bell Telephone Co.</u>, 904 F.2d 275 (5th Cir. 1990), the Fifth Circuit said:

> A complaint may be inadequate in one of two fashions.  First, the pleadings must provide notice of the circumstances which give rise to the claim.  Second, the pleader must set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.

<u>Id</u>. at 277.  The plaintiffs' complaint does give notice of the circumstances that give rise to their claims.

Hunt Petroleum contends that plaintiffs failed to allege:  (1) the particular location of the property that was contaminated; (2) the nature of the ownership interest claimed; and (3) the specific laws under which the plaintiffs make their claims of strict liability and for punitive damages.  Hunt Petroleum can obtain property descriptions or other information through discovery that will enable it to pinpoint the location of the property at issue compared to its facility.  Discovery will also permit Hunt to determine the exact nature of each property interest asserted by the plaintiffs. The plaintiffs' complaint at paragraph nos. 34-37 provides a sufficient explanation for plaintiffs' claims of strict liability and for punitive damages.  The plaintiffs' complaint sets forth sufficient information to outline the elements of their claims.

IT IS ORDERED that Hunt Petroleum's motion for a more definite statement (Rec. doc. 8) is DENIED.

New Orleans, Louisiana, this 17th day of January, 2007.

                                                        **SALLY SHUSHAN**
                                          **United States Magistrate Judge**